**James R. ERLICHMAN d/b/a Automotive Performance, Plaintiff,**

v.

**Jerome PATCHEN, Defendant.**

**No. 88–CV–818.**

United States District Court, N.D. New York.

Sept. 29, 1988.

Alex Y. Setia, Albany, N.Y., for plaintiff.

Jerome Patchen, Delmar, N.Y., pro se.

## ORDER

MUNSON, District Judge.

Plaintiff James R. Erlichman has commenced this civil action in order to appeal a decision of the Bankruptcy Court of the Northern District of New York rendered by Judge Justin J. Mahoney on July 13, 1988. Judge Mahoney was at that time presiding over a Chapter 7 bankruptcy proceeding in which James R. Erlichman, debtor, had already been discharged of those debts owed to creditors listed in his schedule of creditors. According to plaintiff, approximately two months after his discharge in bankruptcy he became aware of a default judgment entered against him and in favor of defendant Jerome Patchen by a small claims court located in Bethlehem, New York. Plaintiff then moved, pursuant to 22 U.S.C. § 1009, for an order permitting him to amend his list of creditors to include Jerome Patchen. The motion was denied. The effect of such an amendment would have been to relieve plaintiff of the burden of fully satisfying the small claims court default judgment.

In its appellate capacity, this court must review a bankruptcy court's findings of fact under the clearly erroneous standard, *see* Bankr.R.P. 8013, yet undertake a *de novo* review of any conclusions of law. *Matter of Consolidated Bancshares, Inc. v. Creel & Atwood*, 785 F.2d 1249, 1252 (5th Cir.1986). The Bankruptcy Court did not state the findings of fact and conclusions of law which it had reached. Without the benefit of findings of fact or conclusions of law, this court is unable to properly carry out its appellate function. Rather than undertaking a *de novo* review of the issues raised by the motion brought in the Bankruptcy Court, this court will remand the motion to the Bankruptcy Court which undoubtedly is more familiar than this court with the facts concerning the entire bankruptcy proceeding and with the credibility of some of the individuals who have submitted papers concerning the appealed from motion. *See* Bankr.R.P. 8013 ("due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.")

Upon remand the Bankruptcy Court should state the findings of fact and conclusions of law which underlie its decision on the motion. This court is not suggesting that the Bankruptcy Court must reconsider its earlier decision; this court merely seeks an opinion from the Bankruptcy Court from which appellate review can be taken if appropriate.

It is So Ordered.