**In re Donald H. OWEN, Sr., Janice L. Owen, Debtors.**

**In re D & J MOTELS, LTD., Debtors.**

**No. 88–CV–1169.**

United States District Court, N.D. New York.

Feb. 21, 1989.

Thomas, Collison & Place, Endicott, N.Y., for debtors-appellants, Don Owen, Janice Owen, and D & J Motels, Ltd. (Robert F. Whalen, of counsel).

Hinman, Howard & Kattell, Binghamton, N.Y., for appellees, Binghamton Sav. Bank (John M. Keeler, of counsel).

Harold D. Jones, Albany, N.Y., United States Trustee (Kevin Purcell, of counsel).

Michael R. Gottlieb, Middletown, N.Y., for The Bank of New York.

## ORDER

MUNSON, District Judge.

This is an appeal from three Orders issued by Judge Justin J. Mahoney, Bankruptcy Judge for the Northern District of New York. In Case No. 88–11477, *In Re Owen,* Judge Mahoney issued an Order dated September 30, 1988 directing the appointment of a trustee pursuant to 11 U.S.C. § 1104. In the same case and on the same day, he also ordered that "pay-off proceeds in the amount of two hundred sixty four thousand two hundred fifty nine and 39/100 dollars ($264,259.39) plus interest to date of pay off of a certain mortgage made by Roger L. Burdick to Donald and Janice Owen, and assigned by the said Donald and Janice Owen to Binghamton Savings Bank, be paid to Binghamton Savings Bank...." On September 30, 1988 Judge Mahoney also signed an Order directing appointment of a trustee pursuant to 11 U.S.C. § 1104 in the case, *In Re D & J Motels,* Case No. 88–11476. The debtors appeal from the three Orders. The appeals were consolidated.

## BACKGROUND

Debtor D & J Motels, Ltd. ("D & J") owns and operates The Endicott Quality Inn Motel ("the motel" or "the property"). D & J executed a note in favor of the Binghamton Savings Bank ("BSB") and BSB secured a mortgage on the property. Debtors Don and Janice Owen guaranteed the note. Subsequently, D & J erected an addition to the motel and this portion of the building is covered by a mortgage held by The Bank of New York.

After a period of time when no payments were forthcoming on its note, BSB secured a judgment against D & J and the Owens. The judgment was filed on April 29, 1988 in the amount of $903,875.47. On June 20, 1988 The Bank of New York secured a judgment in the amount of $1,386,144.91 against the Owens. On September 14, 1988, the Owens and D & J filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

## APPOINTMENT OF TRUSTEES

■ Under 11 U.S.C. § 1104, Judge Mahoney may appoint a trustee "if, such appointment is in the best interest of creditors...." In seeking appointment of trustees BSB and The Bank of New York ("the banks") argued that D & J should not be left in possession of the motel because the insurance on the property was unpaid due to failure to pay the premiums, and the property taxes were unpaid. In addition, the banks argued that the Owens were in no position to tend to the property because they are residents of Florida and spend much of their time in that state.

The banks also alleged that money had disappeared from the Owens' bank accounts and their equity had dissipated in other assets. They cite examples of withdrawals from bank accounts and mortgaging properties in exchange for cash. Judge Mahoney's findings of fact are not reversible except if they are clearly erroneous. Bankruptcy Rule 8013. Counsel for the debtors conceded at oral argument that a bankruptcy judge's decision to appoint a trustee is only reviewable under an abuse of discretion standard. *See Dalkan Shield Claimants v. A.H. Robins Co., Inc.,* 828 F.2d 239, 242 (4th Cir.1987). With the affidavits before Judge Mahoney this court cannot conclude that his finding that it would be in the best interest of the creditors to appoint trustees was clearly erroneous. Neither can the court conclude that it was an abuse of discretion for Judge Mahoney to appoint the trustees. Consequently the Orders appointing a United States Trustee dated September 30, 1988 in Case Nos. 88–11476 and 88–11477 are affirmed.

## RELIEF FROM THE AUTOMATIC STAY

■ Debtors Donald and Janice Owen appeal from Judge Mahoney's Order which

grants BSB the pay-off proceeds of a mortgage which had served to secure a debt (evidenced by a note, the "Burdick note") which an individual, Roger Burdick, owed the Owens. BSB had sought an order from Judge Mahoney either lifting the automatic stay so it could pursue state court proceedings in collecting the money from the sale, or ordering that due to the assignment the mortgage was not part of the bankrupt estate. In response, Judge Mahoney ordered the proceeds of the mortgage paid to BSB.

The Order awarding the proceeds is bereft of any findings of fact or conclusions of law. Without the benefit of findings of fact or conclusions of law, this court feels hindered in its ability to carry out its appellate function of review. Therefore, this court will remand to Judge Mahoney the matter of the award of proceeds from the mortgage which accompanied the Burdick note. *See Erlichman v. Patchen*, 97 B.R. 734 (N.D.N.Y. 1988); Bankruptcy Rule 8013. On remand the bankruptcy court should state the findings of fact and conclusions of law which underlie its decision to award the proceeds to BSB. While this court does not seek to preclude the bankruptcy court from reconsidering its earlier decision, this court is not suggesting that the bankruptcy court must reconsider its earlier decision.

Pending further determination by Judge Mahoney, this court directs that BSB should retain in its possession the pay-off proceeds of the mortgage.

It is So Ordered.